# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN BUTTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-805 |
| | ) | District Judge William S. Stickman |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| CITY OF PITTSBURGH, | ) | Re: ECF No. 32 |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

This civil rights action arises out of the Defendant City of Pittsburgh's failure to promote Plaintiff Kathleen Butter to the position of Assistance Director of Finance in July 2017, its elimination of areas of responsibility that she previously held, and her subsequent demotion. ECF No. 1. Plaintiff alleges that these personnel decisions were the product of sex, gender and age discrimination in violation of Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000; the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951, *et seq.*; as well as political patronage discrimination in violation of the First Amendment. Plaintiff further alleges that despite her experience and education, which served to render her the most qualified applicant for the position, Defendant promoted younger, markedly less experienced individual(s) for the position of Assistant Director of Finance, and that these promotions may have been improperly motivated by political patronage.

Pending before the Court is Plaintiff's Motion to Compel, ECF No. 32, seeking an order compelling Defendant to provide responses to three document requests, each of which was timely served with Plaintiff's First Request for Production of Documents. ECF No. 32-1.

As a general matter, if a party believes in good faith that another party has failed to respond adequately or appropriately to a discovery request, she may move for an order compelling disclosure or discovery. Fed. R Civ. P. 37(a)(1). The rule specifically permits a party to file a motion to compel the production of documents. Fed. R. Civ. P. 37(a)(3)(iv).

Pursuant to Federal Rule of Civil Procedure 26(b)(1), the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). Rulings related to the scope of discovery are subject to the discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1986). Such discretion is guided by Rule 26(b)(1) and extends to nonprivileged matter that is relevant to any party's claim or defense. The scope of discovery, however, may be circumscribed and should not serve as a fishing expedition. Bayer AG v. Betachem, Inc., 173 F.3d 188, 189 (3d Cir. 1999).

**1. Personnel Records**

Plaintiff requests the personnel records related to nine identified City of Pittsburgh employees, including two allegedly younger, less qualified individuals who were promoted ahead of Plaintiff, and six other employees who Plaintiff alleges suffered termination or demotion due to unlawful political patronage discrimination. Defendant objects to this request claiming that such discovery is "overly broad, unduly burdensome, and not proportionate to the need of this case." ECF No. 32-2 at 2. Defendant further objects on relevancy grounds because Plaintiff seeks confidential personnel information regarding persons who are not parties to this action. Id.

As argued by Defendant, confidential personnel records are subject to a heightened relevancy standard, Westport Insurance Corp. v. Hippo Fleming & Pertile Law Offices, 319 F.R.D. 214, 219 (W.D. Pa. 2017). However, in this instance, Plaintiff's request is relatively narrow in that it asks only for the personnel records of employees who were promoted ahead of her, or who, like her, were allegedly subjected to termination based upon political patronage. See, e.g., Provine v. Ambulatory Health Services, Inc., No. 13-0334, 2014 WL 47771 (M.D. Pa. Jan. 6, 2014)(granting plaintiff's motion to compel personnel records in employee discrimination case where she identified 16 specific individuals who may be similarly situated). Therefore, the Court finds that the heightened standard for personnel records is met and the Motion to Compel is granted. Defendant must produce the personnel records of the employees identified in her Motion to Compel. Obviously, the parties may enter into an appropriate protective order.

**2. Budget Cut Records**

Plaintiff next seeks to compel "[a]ll documents and communications relating to budget cuts in Defendant's Department of Finance for the years 2015 [through] 2019." ECF No. 32 at 4. Plaintiff seeks this information to test the veracity of Defendants' assertion that she, along with six other employees, were terminated due to budgetary concerns and not, as she contends, for unlawful discriminatory reasons. Id.

Defendant objects to the breadth of this request, because it is not limited by type of communication, subject matter, author, or recipient and "appears to encompass an extremely large and vague array of communications." ECF No. 32-2 at 3-4. Defendant states that it is willing to provide a more robust response "if Plaintiff is able to limit this request." Id. Through Plaintiff's Motion to Compel, Plaintiff reiterates that she seeks communications related to "emails and … other documents relating to reasons for the budget cuts and the decisions behind the employees

chosen for those cuts." ECF No. 32 at 4. Plaintiff contends that the relevance of this information is plain given the Defendant's proffered fiscal reasons for selecting Plaintiff and six other employees for termination. The Court agrees that the requested information is relevant and properly within the scope of discovery. Plaintiff's Motion to Compel all documents and communications relating to **budget cuts in the Department of Finance** for the years identified is granted.[1]

### 3. Defendant Barca

Plaintiff further seeks to compel the production of "[a]ll documents and communications relating to the termination of employment (by whatever means) of Edward Barca from the position of Assistant Director of Finance, including, but not limited to, all emails, SMS text messages, MMS text messages and other electronic communications relating to his termination (by whatever means)." ECF No. 32. Defendant objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case. ECF No. 35 at 7. In addition, Defendant contends that Mr. Barca's records are irrelevant confidential personnel information. Id.

Mr. Barca is identified in Plaintiff's Complaint as a younger, less qualified individual who was promoted to Assistant Director of Finance, instead of Plaintiff. ECF No. 1 at 3. Based on the Court's review, we find that the requested personnel information related to Mr. Barca is clearly relevant to Plaintiff's claims, including any records and communications related to his eventual termination. Plaintiff's Motion to Compel Mr. Barca's employment records, including documents related to his termination, is granted. Again, this production can be subject to an appropriate protective order.

---

[1] Plaintiff's request is not as broad as Defendant alleges but is limited to budget cuts within the Department of Finance itself. Accordingly, given the budgetary concerns cited for Plaintiff's demotion, such information is particularly relevant to Plaintiff's claims.

Accordingly, upon consideration of Plaintiff's Motion to Compel, ECF No. 32, and Defendant's response thereto, ECF No. 35, and for the reasons stated herein, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel is GRANTED as more fully set forth in this Memorandum Order.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: April 8, 2020                    BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:      All counsel of record via CM/ECF